UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

| | |
|---|---|
| Estate of BARBARA HURLEY, by and through the Administrator, Darrell Hurley; | ) ) ) |
| And | ) ) |
| ROBERT RAY HARRISON; | ) ) |
| And | ) ) |
| TOBY GLEN HARRISON | ) ) |
| And | ) ) |
| Estate of DUSTIN STARKS, by and through the Administratrix, Tina Starks; | ) ) ) |
| And | ) ) |
| JOSHUA STARKS, by and through his next friend Tina Starks | ) ) ) |
| PLAINTIFFS | ) |
| vs. | )  CASE NO. **18-CV-2196** |
| GENERAL MOTORS, LLC | ) ) |
| Serve: General Motors, LLC
Corporation Service Company
421 West Main Street
Frankfort, KY 40601 | ) ) ) ) ) |
| DEFENDANTS | ) § |

Comes now the Plaintiffs, by counsel, and for their Complaint filed herein, states as follows:

1.  On December 17, 2012 Darrell Hurley was appointed as Administrator of the Estate of Barbara Hurley by the Laurel County District Court.

2.  Robert Ray Harrison is the son of the deceased, Barbara Hurley, and at all times

relevant herein was a resident of Laurel County, Kentucky.

3. Toby Glen Harrison is the son of the deceased, Barbara Hurley, and at all times relevant herein was a resident of Laurel County, Kentucky.

4. On April 11, 2013, Tina Starks was appointed as Administratrix of the Estate of Dustin Starks by the Laurel County District Court.

5. Joshua Starks, a minor, is the son of the deceased, Dustin Starks, and at all times relevant herein was a resident of Laurel County, Kentucky.

6. General Motors, LLC is a Foreign Limited Liability Company authorized to do business in the Commonwealth of Kentucky.

7. On November 20, 2012, Dustin Starks was operating and Barbara Hurley was a passenger in a 2007 Chevrolet Cobalt in Pittsburg, Laurel County, Kentucky.

8. The 2007 Chevrolet Cobalt that Mr. Starks was operating and in which Ms. Hurley was a passenger contained a defective ignition switch.

9. On said date, the defective condition of the ignition switch caused Mr. Starks to lose control of the vehicle and crash.

10. Both Mr. Starks and Ms. Hurley were killed in the crash.

11. The 2007 Chevrolet Cobalt that Mr. Starks was operating and in which Ms. Hurley was a passenger was designed, manufactured and marketed by General Motors.

12. In early 2014, General Motors initiated a recall of thousands of vehicles that it designed, manufactured and marketed due to defective ignition switches.

13. The 2007 Chevrolet Cobalt that Mr. Starks was operating and in which Ms. Hurley was a passenger was part of said recall.

14. The 2007 Chevrolet Cobalt was in the same or similar condition as when initially

manufactured and sold by General Motors.

15. General Motors knew, or should have known, of the defective condition of the ignition switch that it installed on the 2007 Chevrolet Cobalt and like vehicles as early as 2003.

16. Neither Mr. Starks nor Ms. Hurley were aware of the defective condition of the ignition switch installed in the 2007 Chevrolet Cobalt at the time of their death on November 20, 2012.

17. In March 2014, the legal owner of the 2007 Chevrolet Cobalt, Devin Whitehead, received written communication from General Motors informing him that the 2007 Chevrolet Cobalt contained a defective ignition switch.

18. On or about June 30, 2014, General Motors established the GM Ignition Compensation Claims Resolution Facility, which invited those who had been killed or injured as a result of the failure of defective ignition switches to file a formal claim for compensation.

19. As part of the protocol for participation in said program, it was agreed, by General Motors that the statute of limitations would be tolled.

20. On or about September 30, 2014, both the Estate of Barbara Hurley and the Estate of Dustin Starks applied to the GM Ignition Compensation Claims Resolution Facility for relating to the deaths of Mr. Starks and Ms. Hurley.

21. On or about March 30, 2015, the claims relating to the death of Mr. Starks and Ms. Hurley were rejected by the GM Ignition Compensation Claims Resolution Facility.

### CLAIMS OF THE ESTATE OF BARBARA HURLEY

### COUNT I

22. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

23. At the time the Defendant marketed, sold, and distributed the 2007 Chevrolet and similar vehicles, the Defendant knew of the particular purpose that consumers would use the product for.

24. By product labeling and marketing, the Defendant impliedly warranted that the 2007 Chevrolet Cobalt and similar vehicles were of merchantable quality and safe and fit for its intended purpose.

25. The 2007 Chevrolet Cobalt and similar vehicles was not of merchantable quality or safe or fit for the intended use or purpose because the product was unreasonably dangerous and unfit for the ordinary purposes for which it was intended.

26. The Defendant's breach of its implied warranty was a substantial factor in the death Ms. Hurley.

27. As a result of the Defendant's breach of its implied warranty, Plaintiff suffered serious injuries, death, pain and suffering, and destruction of earning capacity, all in an amount, which exceeds the minimum jurisdictional amounts of this Court.

## COUNT II

28. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

29. Defendant manufactured, designed, marketed, distributed, and sold the 2007 Chevrolet Cobalt and similar vehicles in the normal course of its business.

30. At the time of the design, manufacture, marketing, distribution and sale of the 2007 Chevrolet Cobalt and similar vehicles, the 2007 Chevrolet Cobalt and similar vehicles was in a defective condition and unreasonably dangerous, when put to its reasonably anticipated use;

31. As a result of the acts described above, Plaintiff suffered serious injuries, death, pain

and suffering and destruction of earning capacity, all in an amount, which exceeds the minimum jurisdictional amounts of this Court.

## COUNT III

32. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

33. Defendant was negligent and failed to exercise reasonable care in the design, manufacture, marketing, distribution and selling of the 2007 Chevrolet Cobalt and similar vehicles.

34. As a result of the acts described above, Plaintiff suffered serious injuries, death, pain and suffering and destruction of earning capacity, all in an amount, which exceeds the minimum jurisdictional amounts of this Court.

## COUNT IV

35. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

36. Defendant was negligent and failed to exercise reasonable care by failing to warn Plaintiff and others using similar vehicles of the unreasonably dangerous nature of the 2007 Chevrolet Cobalt and similar vehicles and of dangers that were latent, unknown, or not obvious.

37. As a result of the acts described above, Plaintiff suffered serious injuries, death, pain and suffering and destruction of earning capacity, all in an amount, which exceeds the minimum jurisdictional amounts of this Court.

## CLAIMS OF ROBERT RAY HARRISON

38. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

39. At the time of the death of his mother, Barbara Hurley, Robert Ray Harrison was a

minor.

40. As a result of the death of his mother caused by the actions of Defendant as described above, Robert Ray Harrison has lost the love, affection, and parental consortium of his mother, in an amount which exceeds the minimum jurisdictional limits of this Court.

### CLAIMS OF TOBY GLENN HARRISON

41. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

42. At the time of the death of his mother, Barbara Hurley, Toby Glen Harrison was and still is a minor.

43. As a result of the death of his mother caused by the actions of Defendant as described above, Toby Glenn Harrison has lost the love, affection and parental consortium of his mother, in an amount which exceeds the minimum jurisdictional limits of this Court;

### CLAIMS OF THE ESTATE OF DUSTIN STARKS

### COUNT I

44. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

45. At the time the Defendant marketed, sold and distributed the 2007 Chevrolet and similar vehicles the Defendant knew of the particular purpose that consumers would use the product for;

46. By product labeling and marketing, the Defendant impliedly warranted that the 2007 Chevrolet Cobalt and similar vehicles were of merchantable quality and safe and fit for its intended purpose.

47. The 2007 Chevrolet Cobalt and similar vehicles was not of merchantable quality or

safe or fit for the intended use or purpose because the product was unreasonably dangerous and unfit for the ordinary purposes for which it was intended.

48. The Defendant's breach of its implied warranty was a substantial factor in the death Mr. Sparks.

49. As a result of the Defendant's breach of its implied warranty, Plaintiff suffered serious injuries, death, pain and suffering and destruction of earning capacity, all in an amount, which exceeds the minimum jurisdictional amounts of this Court.

## COUNT II

50. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

51. Defendant manufactured, designed, marketed, distributed, and sold the 2007 Chevrolet Cobalt and similar vehicles in the normal course of its business;

52. At the time of the design, manufacture, marketing, distribution and sale of the 2007 Chevrolet Cobalt and similar vehicles, the 2007 Chevrolet Cobalt and similar vehicles was in a defective condition and unreasonably dangerous, when put to its reasonably anticipated use.

53. As a result of the acts described above, Plaintiff suffered serious injuries, death, pain and suffering and destruction of earning capacity, all in an amount which exceeds the minimum jurisdictional amounts of this Court.

## COUNT III

54. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

55. Defendant was negligent and failed to exercise reasonable care in the design, manufacture, marketing, distribution and selling of the 2007 Chevrolet Cobalt and similar vehicles.

56. As a result of the acts described above, Plaintiff suffered serious injuries, death, pain and suffering and destruction of earning capacity, all in an amount, which exceeds the minimum jurisdictional amounts of this Court.

### COUNT IV

57. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

58. Defendant was negligent and failed to exercise reasonable care by failing to warn Plaintiff and others using similar vehicles of the unreasonably dangerous nature of the 2007 Chevrolet Cobalt and similar vehicles and of dangers that were latent, unknown, or not obvious.

59. As a result of the acts described above, Plaintiff suffered serious injuries, death, pain and suffering and destruction of earning capacity, all in an amount, which exceeds the minimum jurisdictional amounts of this Court.

### CLAIMS OF JOSHUA STARKS

60. The Plaintiffs reaffirm and reiterate each and every allegation set forth hereinabove as though fully set out herein.

61. At the time of the death of his father, Dustin Starks, Joshua Starks was a minor.

62. As a result of the death of his father caused by the actions of Defendant as described above, Robert Ray Harrison has lost the love, affection and parental consortium of his mother, in an amount which exceeds the minimum jurisdictional limits of this Court.

**WHEREFORE,** Plaintiff, Estate of Barbara Hurley, by and through the Administrator, Darrell Hurley, demands as follows:

1. Judgment against Defendant, in such an amount that will fairly compensate her for her above injuries, with interest thereon at the highest legal rate for the maximum duration

allowed by law;

    2. Trial by jury;

    3. For her costs expended herein;

    4. For any and all other relief to which she may be entitled; and

    5. Punitive damages.

    **WHEREFORE**, Plaintiff, Robert Ray Harrison, demands as follows:

    1. Judgment against Defendant, in such an amount that will fairly compensate him for his above injuries, with interest thereon at the highest legal rate for the maximum duration allowed by law;

    2. Trial by jury;

    3. For his costs expended herein;

    4. For any and all other relief to which he may be entitled; and

    5. Punitive damages.

    **WHEREFORE,** Plaintiff, Toby Glen Harrison, demands as follows:

    1. Judgment against Defendant, in such an amount that will fairly compensate him for his above injuries, with interest thereon at the highest legal rate for the maximum duration allowed by law;

    2. Trial by jury;

    3. For his costs expended herein;

    4. For any and all other relief to which he may be entitled; and

    5. Punitive damages.

    **WHEREFORE**, Plaintiff, Estate of Dustin Starks, by and through the Administratrix, Tina Starks, demands as follows:

1. Judgment against Defendant, in such an amount that will fairly compensate him for his above injuries, with interest thereon at the highest legal rate for the maximum duration allowed by law;

2. Trial by jury;

3. For his costs expended herein;

4. For any and all other relief to which he may be entitled; and

5. Punitive damages.

**WHEREFORE**, Plaintiff, Joshua Starks, by and through his next friend, Tina Starks, demands as follows:

1. Judgment against Defendant, in such an amount that will fairly compensate him for his above injuries, with interest thereon at the highest legal rate for the maximum duration allowed by law;

2. Trial by jury;

3. For his costs expended herein;

4. For any and all other relief to which he may be entitled; and

5. Punitive damages.

Respectfully Submitted,

**ANDERSON & VAUGHN PLLC**

*/s/ Liddell Vaughn*
Liddell Vaughn
517 W. Ormsby Avenue
Louisville, Kentucky 40203
(502) 637-3335 *Telephone*
(502) 637-2774 *Facsimile*
*Counsel for Plaintiffs*